# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA EVA BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER LINDSAY, ET AL.,<br><br>　　　　Defendants. | NO. ED CV 24-1303-FWS(E)<br><br>ORDER DISMISSING<br>SECOND AMENDED COMPLAINT<br>WITH LEAVE TO AMEND |

　　For the reasons discussed below, the Second Amended Complaint is dismissed with leave to amend.  See 28 U.S.C. section 1915(e)(2)(B).

## BACKGROUND

　　On June 13, 2024, Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. section 1983.  Plaintiff's claims appeared to arise from Plaintiff's departure from her former residence.  On June 26, 2024, the Court granted Plaintiff in forma pauperis status.  On July 25, 2024, the Court issued an "Order Dismissing Complaint With Leave to Amend."

///

On August 26, 2024, Plaintiff filed a First Amended Complaint. Therein, Plaintiff named "Sheriff Deputy Lindsay," "Matthew Aaron Wickstrom" and "County of San Bernardino" (the "County") as Defendants. Plaintiff appeared to assert claims for: (1) unlawful search and seizure, in alleged violation of the Fourth Amendment; (2) denial of due process and equal protection, in alleged violation of the Fourteenth Amendment; and (3) violations of state tort law. On October 11, 2024, the Court issued an "Order Dismissing First Amended Complaint With Leave to Amend" ("October 11, 2024 Order"), in which the Court ordered:

> The First Amended Complaint is dismissed without leave to amend as to:
> (1) all section 1983 claims against Wickstrom, the County and Lindsay in his official capacity (including all Fourteenth Amendment Due Process claims and Equal Protection claims); and (2) all state tort claims against the County and Lindsay. . . .  In all other respects, the First Amended Complaint is dismissed with leave to amend.

(October 11, 2024 Order, p. 11).

On November 13, 2024, Plaintiff filed a Second Amended Complaint ("SAC"), naming Lindsay and the County as Defendants.[1]

///
///
///
///

---

[1] Plaintiff does not name Matthew Wickstrom as a Defendant in the SAC. Thus, Matthew Wickstrom is no longer a party to this action.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

In the SAC, Plaintiff alleges: [2]

On or about June 15, 2024[3] at approximately 9am PST my then landlord, Matthew Wickstrom arrived at my then residence located at 397 Wabash Lane in Sugarloaf, CA.  Wickstrom was informed that I can not and was unable to vacate my rental unit in which I had resided in since 2009, until the house was sold to Wickstrom a few months earlier.

Immediately after Wickstrom heard I wasn't ready to leave the rental unit that he had just bought due to the fact that I had sustained an injury to my spine, he proceeded to call the Big Bear Lake Sheriff's Dept. As I was half-nude attempting to dress myself, gather my belongings and place my 3 cats in travel carriers trying to vacate because Wickstrom refused money for just 1 more day.

Sheriff Deputy Lindsay arrived shortly after the call, and proceeded to kick in my bedroom door after Wickstrom spoke to him.  I quickly dressed and tried to grab 3 of my cats to leave the premises as ordered by Officer Lindsay.  Neither the officer or landlord had a court order, nor my consent to throw me out of my rental unit, but they did, forcing me to leave behind my 2 beautiful twin Black cats I had for 13 years in California and most of my personal property including my electric wheelchair.

---

[2]   The Court quotes verbatim from the SAC, without noting any apparent omissions and without attempting to correct any errors in capitalization, punctuation, spelling or grammar.

[3]   Although Plaintiff uses the date June 15, 2024, it is clear from the original Complaint and the First Amended Complaint that the subject incident took place on or about June 15, 20<u>22</u>.

      Neither Wickstrom nor officer Lindsay presented me with court order to remove me from my residence nor did I consent to leave at that moment in time. I had paid rent for 1/2 the month of June 2022 and I offered Wickstrom rent for 1 more day so I could recover from my injury and remove the rest of my belongings. I had already paid for 2 weeks rent in a condo on the Lake.

      My intention was to move on that day to my condo rental, but was unable to, I had no one to help me. Lindsay had threatened me with arrest and told me I had 5 minutes to gather my belongings & 3 cats. After 5 minutes of mayham with Lindsay yelling at me, my 2 cats ran and hid, 1 in the wall, Lindsay handcuffed me and forced me outside, where Wickstrom was replacing the locks on the front door.

      Lindsay did not take me to jail as he threatened. He uncuffed me and told me to leave the premises and not return or I would be arrested for trespassing, and that I could retrieve my other 2 cats whenever Wickstrom returned to the mountain. 5 days later & then 12 days later I was able to get my 2 cats out and some belongings. Wickstrom took everything else to the dump without my consent. A Peace officer is not lawfully performing his duty if he is unlawfully detaining someone & he took an oath of office.

(SAC, pp. 3-4).

      Plaintiff appears to assert the following claims against Defendants: (1) false arrest, in alleged violation of the Fourth Amendment; (2) deprivation of liberty and property without due process, in alleged violation of the Fifth Amendment; (3) cruel and

4

unusual punishment, in alleged violation of the Eighth Amendment; (4) deprivation of the "privileges and protections" of citizenship, in alleged violation of the Fourteenth Amendment; and (5) denial of the right to access the courts, in alleged violation of the First Amendment (id., pp. 5-9). Plaintiff seeks $3900 in compensatory damages and $25 million in punitive damages (id., p. 10).

## DISCUSSION

### I. The SAC, Like the Previous Complaints, Fails to State a Cognizable Municipal Liability Claim.

Previously in this action, the Court twice has advised Plaintiff of the legal standards applicable to civil rights claims against the County:

> . . . . Plaintiff may not sue a municipal entity such as the County on a theory of respondeat superior, which is not a theory of liability cognizable under 42 U.S.C. section 1983. See Connick v. Thompson, 563 U.S. 51, 60 (2011); Ashcroft v. Iqbal, 556 U.S. [662, 676 (2009)]; Polk County v. Dodson, 454 U.S. 312, 325 (1981). A municipal entity may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. See Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).
>
> Conclusory allegations do not suffice to plead a municipal liability claim. See Ashcroft v. Iqbal, 556 U.S. at 678; Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (en banc), cert. denied, 566 U.S. 982 (2012) ("allegations in a complaint or counterclaim may not simply recite the

5

>elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr v. Baca govern municipal liability claims).

(July 25, 2024 Order, p. 8; October 11, 2024 Order, pp. 6-7).[4] The Court also dismissed all claims against the County alleged in the First Amended Complaint without leave to amend (October 11, 2024 Order, p. 11).

Despite the Court's October 11, 2024 Order, Plaintiff again attempts to bring a Fourth Amendment unlawful seizure claim again the County (SAC, p. 5). Plaintiff also attempts to bring four "new" civil rights claims against the County for alleged First, Fifth, Eighth and Fourteenth Amendment violations (SAC, pp. 6-9). These attempts violated the October 11, 2024 Order. Moreover, Plaintiff fails to allege any facts remotely supporting a viable municipal liability claim. As with the original Complaint and the First Amended Complaint, Plaintiff's allegations in the SAC do not plausibly demonstrate that the alleged constitutional violations were committed pursuant to a County policy, custom or usage. See Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011), cert. denied, 569 U.S. 904 (2013) (affirming dismissal of municipal and supervisor liability claims which "lack[ed] any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements'" deemed insufficient by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Ashcroft v. Iqbal, 556 U.S. at 678; Starr v. Baca, 652 F.3d at 1216. Thus, Plaintiff still cannot state a cognizable claim against the County.

---

[4] In previous actions, this Court also advised this Plaintiff of these same legal standards. See Orders filed in Brown v. CA DMV, CV 18-1418-CJC(E), Brown v. County of San Bernardino, CV 15-294-CJC(E) and Brown v. State of California, CV 13-145-CJC(E).

**II.      The SAC Fails to State a Cognizable Fifth Amendment Claim.**

Plaintiff alleges that Lindsay deprived Plaintiff of her "liberty and property (residence) without due process of law," in asserted violation of the Fifth Amendment (SAC, p. 6).  However, "[t]he Due Process Clause of the Fifth Amendment . . . [applies] only to actions of the federal government – not to those of state or local governments." See Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (citation omitted); see also Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause only applies to the federal government."); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir.), cert. denied, 546 U.S. 818 (2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States . . . .").  Thus, Plaintiff cannot state a Fifth Amendment Due Process claim.

**III.     The SAC Fails to State a Cognizable Eighth Amendment Claim.**

Plaintiff claims that Lindsay inflicted cruel and unusual punishment on Plaintiff in asserted violation of Eighth Amendment when Lindsay allegedly forced Plaintiff to leave her residence and to suffer severe hardship (SAC, p. 7).  However, "the Eighth Amendment only prevents the imposition of cruel and unusual punishment on convicted prisoners." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004), cert. denied, 545 U.S. 1139 (2005) (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)); see also Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020).  Because Plaintiff was not a convicted prisoner at the time of the alleged constitutional violation, Plaintiff cannot state a cognizable Eighth Amendment claim.

///
///

7

IV. **The SAC Fails to State a Cognizable Fourteenth Amendment Claim.**

Plaintiff attempts to assert a Fourteenth Amendment claim, stating: "As a citizen of these United States and residing in the State of California in 2022 at the time of the incident, I was entitled to privileges and protections and rights of the State and the country. Lindsay deprived me of all my rights as a citizen, tenant and as a human being" (SAC, p. 8). To the extent that Plaintiff is attempting to reassert a Fourteenth Amendment Due Process claim, the Court already dismissed that claim without leave to amend (see October 11, 2024 Order, pp. 9-10). To the extent that Plaintiff's claim is based on Lindsay's allegedly unlawful arrest of Plaintiff, the claim is properly analyzed under the Fourth Amendment, not the Fourteenth Amendment. See Larson v. Neimi, 9 F.3d 1397, 1402 (9th Cir. 1993), superseded on other grounds by rule, as stated in C.B. v. City of Sonora, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc), cert. denied, 574 U.S. 1159 (2015) ("[I]n actions for the unconstitutional seizure of persons by officials, liability will be determined under the specific standards of the Fourth Amendment rather than under the general due process standards of the Fourteenth Amendment."); Braddy v. Drug Enforcement Agency, 464 F. Supp. 3d 1159, 1166 (C.D. Cal. 2020) (denying leave to amend complaint to add Fifth and Fourteenth Amendment substantive due process claims because those constitutional provisions did not provide proper framework for plaintiff's search-and-seizure claims); see also County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (if a specific constitutional provision covers a plaintiff's constitutional claim, the claim must be analyzed under the standard appropriate to that specific provision, and not under general due process); Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Thus, Plaintiff fails to state a cognizable Fourteenth Amendment claim.

**V.     The SAC Fails to State a Cognizable First Amendment Claim.**

Plaintiff purports to bring a First Amendment claim against "Deputy Sheriff Lindsay, County of San Bernardino, this Court and this Judge" (SAC, p. 9).  Plaintiff alleges: "As a citizen of these United States of America, I have a 1st Amend[ment] right to redress my grievances to my Government (i.e. you)" (id.).  Plaintiff further alleges: "I will be harmed by this court if not allowed to [f]ile my case due to my insuffic[iencies], ignorance" (id.).  It appears that Plaintiff may be attempting to allege a First Amendment claim for denial of access to the courts.

In order to bring a successful claim for denial of access to the courts, a plaintiff must plead facts plausibly demonstrating that the defendants caused the plaintiff to suffer actual injury to a nonfrivolous legal claim.  See Lewis v. Casey, 518 U.S. 343, 348-53 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002).  An actual injury may include an inability to meet a deadline or file a claim.  See Nevada Dep't of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011), cert. denied, 566 U.S. 911 (2012).  Plaintiff does not allege any facts plausibly demonstrating that Plaintiff suffered an actual injury to a nonfrivolous legal claim or that any named Defendant caused such an injury.  Although it does not seem likely that Plaintiff can allege facts sufficient to state a cognizable First Amendment claim against any named Defendant, in light of Plaintiff's pro se status, the Court will afford Plaintiff an opportunity to amend as to this claim.  See Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

///

///

///

**ORDER**

The Second Amended Complaint is dismissed without leave to amend as to: (1) all claims against the County; and (2) the Fifth, Eighth and Fourteenth Amendment claims. It is absolutely clear that any further amendment of these claims would be futile.

In all other respects, the Second Amended Complaint is dismissed with leave to amend. Plaintiff is granted thirty (30) days from the date of this Order within which to file a Third Amended Complaint. Although the Court has not deemed defective all of Plaintiff's claims against Lindsay, the Court does require that any Third Amended Complaint shall be complete in itself and shall not refer in any manner to the prior pleadings. The Third Amended Complaint must not name the County as a Defendant. The Third Amended Complaint must not allege any claims dismissed without leave to amend in this order or any previous order. Plaintiff may not add defendants or claims without leave of Court. See Fed. R. Civ. P. 21. Failure timely to file a Third Amended Complaint in conformity with this Order may result in the dismissal of the action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behav. Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (en banc) (affirming dismissal without leave to amend where plaintiff failed to correct complaint's deficiencies, court had afforded plaintiff opportunities to do so, and court had given plaintiff notice of the substantive problems with his claims); Plumeau v. Sch. Dist. No. 40, County of Yamhill, 130 F.3d

///

///

///

432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: December 12, 2024

_____
FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

PRESENTED this 11th day of December, 2024 by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

11